FILED

12/05/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0155

DA 17-0155

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 303N

CITY OF MISSOULA,

        Plaintiff and Appellee,

    v.

STEPHEN LEUCHTMAN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and For the County of Missoula, Cause No. DC-16-512
                     Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Stephen Leuchtman, Self-Represented, Hamilton, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
                Attorney General, Helena, Montana

                Jim Nugent, Missoula City Attorney, Carrie Garber, Senior Deputy City
                Attorney, Missoula, Montana

                           Submitted on Briefs:  November 1, 2017

                                   Decided:  December 5, 2017

Filed:

                                    _____
                                           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Stephen Leuchtman (Leuchtman) appeals from a Fourth Judicial District Court's order upholding a jury verdict that found Leuchtman guilty of Violation of an Order of Protection. We affirm.

¶3 In 2015, Angela Miller (Miller) obtained an Order of Protection against Leuchtman. The order directed Leuchtman to stay 1,500 feet away from Miller's "place of employment located at 350 Ryman Street, Missoula, Montana." On January 27, 2016, Miller reported that Leuchtman was in violation of the order. From her vehicle, Miller saw and photographed Leuchtman after he drove past the entrance to 350 Ryman. Leuchtman had been visiting his attorney's office nearby and later testified that he drove past Miller's place of employment to avoid driving behind Miller who was leaving work for the day.

¶4 On February 10, 2016, Leuchtman pled not guilty to the offense of Violation of an Order of Protection. Trial was ultimately set for September 8, 2016, with a final pretrial hearing set on August 30, 2016. Leuchtman was released on conditions prohibiting him from being "within 1,500 feet of or hav[ing] any contact including contact in person, by

phone, by internet, by card or letter or messages sent through a third person with Angela Miller." After several violations of the Internet condition of his release and subsequent court modifications, the Municipal Court prohibited Leuchtman from possessing a phone with a data plan or from possessing any device that had access to the Internet.

¶5 On August 25, 2016, Leuchtman filed a motion to dismiss for lack of speedy trial. On September 7, 2016, Leuchtman raised a defense which he described as "the choice of two evils" defense and proposed a jury instruction. The Missoula Municipal Court denied the motion and declined to use the instruction. The jury determined he was guilty of Violation of an Order of Protection. Leuchtman appealed to the Fourth Judicial District Court, alleging the Municipal Court erred in denying his motion to dismiss for lack of speedy trial and for refusing his proposed jury instruction regarding "the choice of evils defense."[1] The District Court rejected both arguments and affirmed Leuchtman's conviction. Leuchtman has not appealed the rulings on these issues.

¶6 Leuchtman appeals to this Court, arguing that (1) the Municipal Court's bond revocation imposed unreasonable conditions that prejudiced his ability to assist in his own defense; (2) the conditions of Leuchtman's release violated his right to access the courts; (3) Leuchtman's counsel was ineffective for failing to move to dismiss his charge on the ground that it was unconstitutional because he had a right to access his attorneys and the courts; and (4) Leuchtman's counsel was ineffective for failing to preserve a choice of two evils defense and obtain a jury instruction on that defense.

---

[1] The District Court ruled that the rejected instruction was statutorily addressed by the compulsion defense in § 45-2-212, MCA, and the facts of this case do not support a compulsion defense.

¶7 We generally do not address issues raised for the first time on appeal. *State v. Longfellow*, 2008 MT 343, ¶ 19, 346 Mont. 286, 194 P.3d 694. Leuchtman raises two issues for the first time on appeal before this Court. We will not consider Leuchtman's claims regarding bond revocation and conditions of release because they were not raised in the District Court. However, we will consider Leuchtman's ineffective assistance of counsel claim.

¶8 Ineffective assistance of counsel claims are mixed questions of law and fact, which we review de novo. *State v. Lucero*, 2004 MT 248, ¶ 12, 323 Mont. 42, 97 P.3d 1106. This Court has adopted a two-part test for ineffective assistance of counsel claims, which was established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. A defendant bears the burden to "prove (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense." *Whitlow*, ¶ 10. Both prongs of this test must be satisfied. *Whitlow*, ¶ 11.

¶9 Leuchtman raises an ineffective assistance of counsel claim, alleging his counsel was ineffective for failing to move to dismiss his charge on the ground that it was unconstitutional because he had a right to access his attorneys and the courts. Leuchtman also alleges his counsel was ineffective for failing to preserve a choice of two evils defense and obtain a jury instruction on that defense. However, Leuchtman has not demonstrated that his defense was prejudiced. The record reflects that Leuchtman continued to access his attorney and the courts throughout his case. The choice of two evils defense was inapplicable because compulsion was not supported by the facts of this

4

case.  The District Court did not err when it rejected the jury instruction because the proposed instruction was not supported by valid legal argument.  *State v. Arlington*, 265 Mont. 127, 139, 875 P.2d 307, 314 (1994).  Leuchtman cannot establish that he was prejudiced by his counsel's representation.

¶10     Therefore, Leuchtman's claims regarding bond revocation and conditions of relief are procedurally barred as they are raised for the first time on appeal to this Court.  We also hold that Leuchtman has failed to establish that his counsel was ineffective.

¶11     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12     Affirmed.


                                                          /S/ MIKE McGRATH


We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR